UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LOUIS VUITTON MALLETIER,                    :
                                            :    04 Civ. 2644 (RMB)(FM)
                    Plaintiff,              :
        - against -                         :
                                            :    ORDER
BURLINGTON COAT FACTORY                     :
WAREHOUSE CORP., et al.,                    :
                                            :
                    Defendants.             :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/07

## I.     Background

The Court has received submissions, dated May 21, 2007, from plaintiff Louis Vuitton Malletier ("Louis Vuitton" or "Plaintiff") and defendant Burlington Coat Factory Warehouse Corp. ("BCF" or "Defendant") objecting to an Order issued on May 9, 2007 by United States Magistrate Judge Frank Maas ("Order"), following a telephone conference with the parties. (See Affidavit of Theodore C. Max, dated May 21, 2007 ("Plaintiff's Objections"); Defendant Burlington Coat Factory Warehouse Corp.'s Memorandum of Law in Support of Its Objections to Paragraph 1(a)(ii) of Magistrate Judge Maas's May 9, 2007 Order, dated May 21, 2007 ("Defendant's Objections").) During the conference, Judge Maas heard oral argument and advised the parties of the rulings that were subsequently memorialized in the Order. (See Transcript of Proceedings, dated May 9, 2007 ("Conference Transcript").) The Order granted in part and denied in part a request by Plaintiff to file an amended and supplemental complaint against BCF, Cohoes Fashions, Inc. ("Cohoes"), Four Seasons Handbags Co. ("Four Seasons"), Industec International, Inc. ("Industec"), and John Does 1–10. (See Order at 1.)

Plaintiff objects to Paragraphs 1(b)(i) and (ii) of the Order, which deny Plaintiff's request to amend and supplement its original complaint by adding claims for trademark counterfeiting

against Cohoes based on "allegedly infringing counterfeit scarves sold by Cohoes," (Order ¶ 1(b)(i)), and claims against BCF for vicarious and contributory liability under the Lanham Act and the Copyright Act with respect to "an allegedly infringing watch sold by a [BCF] licensee in Texas." (Order ¶ 1(b)(ii); see Pl. Obj. ¶¶ 15, 19–20.) Defendant objects to Paragraph 1(a)(ii) of the May 9 Order, which grants Plaintiff's request to file an amended and supplemental complaint adding claims based on "alleged copyright infringement in connection with the sale of handbags by defendant [BCF]." (May 9 Order ¶ 1(a)(ii); see Def. Obj. at 1.)

On or about May 31, 2007, Plaintiff filed a memorandum of law opposing Defendant's Objections. (See Memorandum of Law in Opposition to Defendant Burlington Coat Factory Warehouse Corp.'s Objections to Paragraph 1(a)(ii) of Magistrate Judge Maas's May 9, 2007 Order, dated May 31, 2007 ("Plaintiff's Opposition").) On or about June 5, 2007, Defendant filed a memorandum of law opposing Plaintiff's Objections. (See Defendant Burlington Coat Factory Warehouse Corp.'s Memorandum of Law in Opposition to Plaintiff's Objections to the Rulings of Magistrate Judge Maas Made on May 9, 2007, dated June 5, 2007 ("Defendant's Opposition"). On or about June 7, 2007, Defendant filed a reply. (See Defendant Burlington Coat Factory Warehouse Corp.'s Reply Memorandum in Further Support of Its Objections to Paragraph 1(a)(ii) of Magistrate Judge Maas's May 9, 2007 Order, dated June 7, 2007 ("Defendant's Reply").) On or about June 12, 2007, Plaintiff filed a reply. (See Reply Memorandum of Law in Further Support of Plaintiff Louis Vuitton Malletier's Objections to the Order of Magistrate Judge Maas, Dated May 9, 2007, dated June 12, 2007 ("Plaintiff's Reply").)

**For the reasons set forth below, Judge Maas's Order is affirmed.[1]**

---

[1] The Court is not here ruling upon the ultimate merits of either party's claims.

2

## II. Standard of Review

"Orders granting leave to amend [a pleading] are nondispositive, as they do not remove claims or defenses of a party." Stetz v. Reeher Enters., Inc., 70 F. Supp. 2d 119, 120 (N.D.N.Y. 1999). Accordingly, the Court "review[s] Magistrate Judge [Maas's] decision granting [Plaintiff's] motion for leave to amend . . . under the clearly-erroneous standard." Rubin v. Valicenti Advisory Services, Inc., 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007); see also Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004).

"The proper classification of a denial of leave to amend a pleading is not clearly settled in this Circuit." Lyondell-Citgo Refining, L.P. v. Petroleos De Venezuela, S.A., No. 02 Civ. 0795, 2005 WL 883485, at *2 (S.D.N.Y. April 14, 2005). "The weight of authority in this Circuit appl[ies] a clearly erroneous standard of review to a magistrate's ruling on a party's motion to amend a pleading." Lyondell-Citgo, 2005 WL 883485, at *3 (collecting cases); see also Credit Suisse First Boston LLC v. Coeur D'Alene Mines Corp., No. 03 Civ. 9547, 2005 WL 323714, at *3 (S.D.N.Y. Feb. 10, 2005). Some courts have applied a de novo standard of review. See, e.g., Covington v. Kid, et al., No. 94 Civ. 4234, 1999 WL 9835, at *2 (S.D.N.Y. Jan. 7, 1999).

An order is "clearly erroneous" only when the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal citations omitted).

3

III. Analysis

Having reviewed the record herein, including, among other things, Magistrate Judge Maas's Discovery Order, the Objections and Oppositions submitted by both Plaintiff and Defendant, and applicable legal authorities, the Court concludes that Judge Maas's Order is not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); see also Weiss v. LaSuisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001). Moreover, even when considered under a de novo standard of review, Judge Maas's conclusions and rulings are correct.

A. Plaintiff's Objections

**Claims Regarding Scarf Sales**

With regard to Plaintiff's proposed claims for "trademark counterfeiting" relating to the "purchasing, selling and distributing [of] counterfeit Louis Vuitton scarves" by Cohoes, (Pl. Obj. ¶ 11), Plaintiff argues that "Judge Maas erred when he held that 'the relationship now between Cohoes and Burlington is not really controlling.'" (Pl. Obj. ¶ 19.)

Defendant counters that "the relationship between BCF and Cohoes at the time the scarves were bought and sold is the relevant relationship that must be examined because the purchase and sale of the scarves comprise the transaction from which Vuitton's proposed claims against BCF and Cohoes arise," and "there is not a sufficient relationship or connection to the claims and defenses in the initial lawsuit to justify adding Cohoes and claims based on the scarf." (Def. Opp'n. at 3, 6 (emphasis in original).)

Rule 15(d) of the Federal Rules of Civil Procedure provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d).

4

When considering a motion to supplement a pleading under Rule 15(d), "[t]he threshold consideration . . . is whether 'the supplemental facts connect [the supplemental pleading] to the original pleading.'" Weeks v. New York State, 273 F.3d 76, 88 (2d Cir. 2001) (citing Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995)).

Judge Maas properly denied Plaintiff's motion to add claims regarding the scarves. Plaintiff's original complaint, which was filed over three years ago on April 7, 2004, was concerned solely with certain handbags sold by BCF, and made no mention of scarves. (See Complaint and Jury Demand, dated April 7, 2004 ("Original Complaint")). Further, the Original Complaint addressed only the "Louis Vuitton Monogram Trademarks," (Orig. Compl. ¶ 7), whereas Plaintiff's proposed claims regarding the scarves concern the "famous Louis Vuitton Word Trademarks." (Am. Compl. ¶ 65.) Nor did the Original Complaint name Cohoes as a defendant. And, as Judge Maas noted, "the only representations from parties who are knowledgeable is that Cohoes really ran as a standalone operation" at the time the scarves were sold. (Conf. Tr. 16:11–13.) Accordingly, Judge Maas properly found that Plaintiff's proposed claims regarding the scarves were "not sufficiently related to the claims or defenses in the initial lawsuit." (Conf. Tr. 16:15–16.) His denial of Plaintiff's motion to add those claims was neither clearly erroneous nor contrary to law. See Weeks, 273 F.3d at 88.

### Claims Regarding Watch Sales

With regard to Plaintiff's proposed claims against BCF for "vicarious and contributory liability under the Lanham Act and the Copyright Act with respect to at least one counterfeit watch band that featured [Louis Vuitton] Monogram Multicolore trademarks," (Pl. Obj. ¶ 11), Plaintiff argues that "Judge Maas erred because the proper standard is not based upon a forum non conveniens analysis but upon the standard for leave to amend, which is 'freely granted,'"

and "[Plaintiff] has made out a claim for vicarious and/or contributory infringement where, among other things, [Defendant] is renting the space within its store to 'Burlington Jewelry,' licenses its name to the alleged infringer to sell goods on its property in return for compensation, provides the customers with bags bearing its name and domain name 'www.coats.com' . . . and thereby facilitating these infringements." (Pl. Obj. ¶ 15; Pl. Reply at 3.)

Defendant counters that Plaintiff's claims regarding the watch "are remotely, if at all, connected to its claims asserted in its [O]riginal Complaint as the watch was sold by a non-party in Irving Texas and concern[ ] a product (watches) not at issue in [the] [O]riginal Complaint," and "nothing under either Fed. R. Civ. P. 15 or case law supports the view that this action should serve as a repository for every possible infringement action [Plaintiff] may seek to commence concerning its Toile Monogram Multicolor trademarks." (Def. Opp'n at 9.)

Judge Maas properly denied Plaintiff's motion to add claims regarding the watch. Plaintiff's Original Complaint does not in any way involve the sale of watches, and the single watch at issue in Plaintiff's proposed Amended Complaint appears to have been sold by a non-party whose relationship to Defendant consists almost entirely of a license from Defendant permitting the non-party to operate a jewelry concession on BCF's premises. (See Am. Compl. ¶ 68.) Because the facts regarding the watch do not appear to connect Plaintiff's proposed claims to the Original Complaint regarding BCF's sale of handbags, and because, as Judge Maas noted, the seller of the watch "and virtually everybody else knowledgeable at his end would be in Texas and it appears that the actual infringement or sale occurred in Texas," (Conference Tr. at 17:3–6), Judge Maas's denial of Plaintiff's motion to add those claims was neither clearly erroneous nor contrary to law. See Weeks, 273 F.3d at 88.

Also, Judge Maas's denial of Plaintiff's motion to add claims regarding products and parties not at issue in the Original Complaint is appropriate because, as Judge Maas noted, "this is a three-year-old case where by virtue of [two interlocutory] appeals, very little has happened by way of discovery." (Conference Tr. 15:18–20.) Indeed, given the extent to which this litigation has been drawn out by Plaintiff (with little resistance from Defendant), as well as the parties' insistence upon wrangling over seemingly marginal issues, the Court cannot help but question whether the parties are truly intent upon resolving their dispute. See Fed. R. Civ. P. 1 & 11. The Court could long since have completed a trial on the merits – something the parties seemingly have avoided at all (and at significant) legal costs and expenses.

### B. Defendant's Objections

With regard to Plaintiff's proposed claims for copyright infringement in connection with BCF's sale of "various handbags which are of an inferior quality and which use imitations of the Louis Vuitton Toile Monogram and Toile Monogram Multicolore Trademarks and Copyrights," (Am. Compl. ¶ 52), and which formed the basis for the Original Complaint, (see Orig. Compl. ¶ 44), Defendant argues that, under the Copyright Act's three-year statute of limitations, Plaintiff's proposed "copyright infringement claims are time-barred with respect to any sales of the [handbags] occurring more than three years before [Plaintiff] filed its motion to amend, namely, prior to April 20, 2004," and "there are no extraordinary circumstances to justify equitably tolling the statute of limitations." (Def. Obj. at 4–5, 10.) Defendant argues further that even if the claims relate back to the date on which the Original Complaint was filed, "such amendments would be futile because the Court would have lacked jurisdiction over the copyright claims since [Plaintiff] had not secured copyright registrations when it filed its [O]riginal Complaint on April 7, 2004." (Def. Reply at 3.)

Plaintiff counters that "the copyright claims relate back to the filing of the [Original] [C]omplaint," and even if they did not, Plaintiff "has not delayed in pursuing its rights and tolling is appropriate in this case." (Pl. Opp'n at 4, 8.)

Judge Maas properly granted Plaintiff's motion to add the copyright claims. Even if, as Defendant argues, the statutory period for bringing Plaintiff's copyright claims expired on April 20, 2007, "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," Fed. R. Civ. P. 15(c)(2), and "[t]he general policy of Rule 15(c) . . . is to allow relation back where there is no prejudice to the non-moving parties." Olsen v. F.D.I.C., No. 91 Civ. 3741, 1995 WL 494017, at *4 (S.D.N.Y. Aug. 17, 1995). Plaintiff's proposed copyright claims arise out of the same conduct and transactions that gave rise to the claims set forth in the Original Complaint, namely, BCF's sale of allegedly infringing handbags. See Union Carbide Corp. v. Montell N.V., 944 F. Supp. 1119, 1140 (S.D.N.Y. 1996). Thus, Defendant will not be prejudiced by the addition of the copyright claims (as to which the parties apparently have delayed concluding discovery). See Olsen, 1995 WL 494017, at *4. The proposed copyright claims relate back to the Original Complaint and, therefore, are not time-barred.[2] Accordingly, Judge Maas's granting of Plaintiff's motion to add the claims for copyright infringement was not clearly erroneous or contrary to law. See Lennon v. Seaman, 63 F. Supp. 2d 428, 443 (S.D.N.Y. 1999).

---

[2] Defendant's argument that Plaintiff's motion to add copyright claims should be denied because the claims would have been premature on the date of the Original Complaint is unpersuasive. As Judge Maas noted, "[i]t may be that at a motion for summary judgment stage [Defendant will be] entitled to . . . partial summary judgment as to the earlier acts, but there certainly are theories on which [Plaintiff] might be entitled to prevail." (Conference Tr. 22:20–24; see Def. Obj. at 1); see also Fed. R. Civ. P. 15(d); Bornholdt v. Brady, 869 F.2d 57, 68 (2d Cir. 1989); Slavin v. Benson, 493 F. Supp. 32, 33 (S.D.N.Y. 1980).

Assuming arguendo that it were appropriate to review the parties' Objections de novo, the Court would, nevertheless, affirm Judge Maas's rulings. Plaintiff's proposed belated claims regarding a watch and scarves sold by third parties allegedly related to BCF bear no material connection to the transactions and conduct alleged in the Original Complaint, and Judge Maas was correct to deny Plaintiff's motion. (See Order ¶¶ 1(b)(i) & (ii)); see also Weeks, 273 F.3d at 88. By contrast, Plaintiff's proposed claims for copyright infringement arise from the sale of handbags by BCF that gave rise to the claims in the Original Complaint. See Union Carbide, 944 F. Supp. at 1140. Accordingly, Judge Maas was correct to grant Plaintiff's motion to add copyright claims with respect to the handbags. (See Order ¶ 1(a)(ii)); Fed. R. Civ. P. 15.

## IV. Conclusion and Order

For the reasons set forth above, the Court affirms Judge Maas's Order in all respects.

Dated: New York, New York
July 24, 2007

_____
**RICHARD M. BERMAN, U.S.D.J.**