UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LOUIS VUITTON MALLETIER,                         :

                              Plaintiff,           :

      v.

                                      :

BURLINGTON COAT FACTORY WAREHOUSE
CORP., FOUR SEASONS HANDBAGS COMPANY,         04 Civ. 2644 (RMB)(FM)
INDUSTEC INTERNATIONAL INC.,                     :
and JOHN DOES 1-10,

                                      :

                            Defendants.
------------------------------------------------------------------x

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 11.16.07]

## STIPULATED ORDER OF SETTLEMENT

THIS CAUSE came before the Court on the application of Plaintiff LOUIS VUITTON MALLETIER (hereinafter referred to as "Plaintiff' or "Louis Vuitton") for the entry of a Stipulated Order of Settlement in the form of the permanent injunction set forth herein. As the Court notes from the last page of this document, Defendant Four Seasons Handbags Company o/k/a G & L Handbags Co., of California d/b/a Four Seasons Handbags Co. of California d/b/a d' Margeaux ("Four Seasons") has consented to the entry of this Stipulated Order of Settlement. The Court, having considered all pleadings and other documents filed in this action, hereby directs the entry of this Stipulated Order of Settlement on Plaintiff's claims against Defendant Four Seasons (Four Seasons or "Defendant").

The Court, being otherwise fully advised in the premises, does hereby **ORDER, ADJUDGE and DECREE** as follows:

        1)    This Court has jurisdiction over the subject matter of this action by virtue of 15 U.S.C. §1121, 28 U.S.C. §1331 and 28 U.S.C. §1338 because this action

alleges claims which arise under the trademark laws of the United States, 15 U.S.C. §1051 et *seq.* and particularly 15 U.S.C. §§1114, 1116, 1117 and 1125. This Court has jurisdiction over Defendant.

2) Plaintiff is engaged in the manufacture, sale and distribution in interstate and foreign commerce of prestigious high-quality, luxury merchandise. In this action, Plaintiff has alleged that Defendant advertised, marketed, promoted, distributed, sold and offered for sale products bearing counterfeits and/or infringements of certain of its trademarks and copyrights, which may include, but are not limited to Trademark Registration Nos. 297,594, 1,770,131, 2,399,161, and 1,875,198 for the TOILE MONOGRAM Trademarks; Trademark Registration Nos.1,990,760 and 1,045,932 for the LOUIS VUITTON Trademark; Trademark Registration No. 2,181,753 for the Flower in a Circle Design Trademark, Trademark Registration No. 2,177,828 for the Flower Design Trademark; Trademark Registration No. 1,841,850 for the Floral Décor Design Trademark; Trademark Registration No. 2,773,107 for the Flower in a Rhombus Design Trademark; Trademark Registration No. 1,643,625 for the "Sac Noe" Trademark; Trademark Registration No.1,653,663 for the "Sac Keepall" Trademark; Trademark Registration No. 1,615,681 for the LOUIS VUITTON MALLETIER A PARIS Trademark; Trademark Registration No. 2,346,373 for the LOUIS VUITTON PARIS Trademark; Trademark Registration No. 1,650,162 for the "S-Lock" Trademark; the "Monogram Multicolore Trademark", a modified version of the TOILE MONOGRAM Trademarks, printed in 33 bright colors (Murakami colors) on a white or black background, all hereinafter referred to as the "Louis Vuitton Trademarks"; and Copyright Registration No. VA1-250-120 for the Multicolor Monogram – White Print;

-3-

Supplementary Registration No. VA1-365-645 for the Multicolor Monogram – White Print; Copyright Registration No. VA1-250-121 for the Multicolor Monogram – Black Print; Supplementary Registration No. VA1-365-644 for the Multicolor Monogram – Black Print, hereinafter referred to as the "Louis Vuitton Copyrights," with the Louis Vuitton Trademarks and the Louis Vuitton Copyrights sometimes hereinafter collectively referred to as the "Louis Vuitton Intellectual Properties." Copies of these registrations are annexed hereto as Exhibit A.

    3) Defendant acknowledges that Louis Vuitton is the exclusive owner of the Louis Vuitton Intellectual Properties and that said marks and copyrights are valid. In addition, Defendant agrees that it will not challenge, contest, or interfere with Louis Vuitton's ownership, use or registration of the Louis Vuitton Intellectual Properties.

    4) Without any admission of wrongdoing by Defendant or any evidentiary findings by the Court, the Court on consent hereby permanently enjoins and restrains Defendant Four Seasons Handbags Company o/k/a G & L Handbags Co., of California d/b/a Four Seasons Handbags Co. of California d/b/a d' Margeaux, its employees, officers, directors, agents, servants, successors and assigns, and all those in active concert or participation with any of them who receive actual notice of this judgment by personal service or otherwise, from:

    A. Directly or indirectly manufacturing, importing, exporting, promoting, advertising, marketing, distributing, displaying, selling, or offering to sell merchandise identified as the Challenged Goods as shown in Exhibit B hereto, or any other product which is substantially identical thereto;

B. reproducing, copying, infringing, or counterfeiting the Louis Vuitton Intellectual Properties, or any marks or copyrights substantially similar thereto in connection with manufacturing, promoting, advertising, distributing, displaying, selling or offering to sell any unauthorized goods or unauthorized services;

C. using any logo, trade name, or trademark calculated to falsely represent that the services or products of Defendant are sponsored by, authorized by, endorsed by, or in any way associated with Louis Vuitton;

D. causing the dilution, blurring or tarnishment of the Louis Vuitton Trademarks;

E. falsely representing itself as being connected with Louis Vuitton, or sponsored by or associated with Louis Vuitton, or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the public to erroneously believe that Defendant and/or its products are in any way endorsed by, approved of, and/or associated with Louis Vuitton;

F. using any reproduction, infringement, counterfeit, copy, or colorable imitation of the Louis Vuitton Intellectual Properties in connection with manufacturing, promoting, advertising, distributing, displaying, selling, or offering to sell any unauthorized goods or services, including without limitation, items bearing a reproduction, infringement, counterfeit, copy, or colorable imitation of the Louis Vuitton Intellectual Properties;

G. disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records of any kinds, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, promotion, marketing, advertisement, receipt, acquisition, importation, distribution, purchase,

display, sale or offer for sale of any merchandise bearing a reproduction, infringement, counterfeit, copy, or colorable imitation of the Louis Vuitton Intellectual Properties;

H. possessing, receiving, manufacturing, assembling, distributing, displaying, advertising, marketing, promoting, returning, selling, offering for sale or otherwise disposing of any products, labels, tags, signs, prints, packages, wrappers, receptacles, advertisements, or other items bearing a reproduction, infringement, counterfeit, copy, or colorable imitation of the Louis Vuitton Intellectual Properties, or disposing of any means of producing these items; and

I. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs A and H above.

5) In the event judicial relief or enforcement is sought as a result of any alleged violation or breach of this Stipulated Order of Settlement, the prevailing party shall be entitled to recover from the opposing party in such suit or proceeding the prevailing party's costs and expenses, including reasonable attorneys' fees.

6) In the event Plaintiff seeks enforcement of any provision of this Stipulated Order of Settlement, Plaintiff shall notify Defendant by serving copies of Plaintiff's enforcement application as follows:

<u>As to Four Seasons</u>

Gary Glick
c/o Pedersen & Houpt, P.C.
161 N. Clark Street, 31st Fl.
Chicago, Illinois 60601

7) The Court reserves and retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing the terms of this Permanent Injunction and Final Judgment on Consent.

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER, & HAMPTON, LLP<br><br>By: *(signature)*<br>Theodore C. Max (TM 1742)<br>Charles A. LeGrand (CL 5320)<br>30 Rockefeller Plaza<br>New York, NY 10112<br>(212) 332-3800<br>Attorneys for Plaintiff<br>Louis Vuitton Malletier | PEDERSEN & HOUPT, PC<br><br>By: *(signature)*<br>Stanley Sneringer (SS     )<br>161 N. Clark Street, 31st FL<br>Chicago, Illinois 60601<br>(212) 332-3800<br>Attorneys for Defendant Four Seasons Handbags Company o/k/a G & L Handbags Co., of California d/b/a Four Seasons Handbags Co. of California d/b/a d' Margeaux |
| LOUIS VUITTON MALLETIER<br><br>By: *(signature)*<br>Its: *Director of Civil Enforcement for North America* | G & L HANDBAGS CO., OF CALIFORNIA<br><br>By: *(signature)*<br>Its: V.P. G&L Handbags of California |

New York, New York
~~October~~ ___, 2007
**Nov. 16**

SO ORDERED:

*(signature) Richard M. Berman*
U.S.D.J.